UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Harley L. Breer, Jr.,

    Plaintiff,

    v.                                                   Civil Action No. 2:12-CV-53

Steve Maranville, Michelle Medor,
Brian Reed, Charles Cross,
James Honsinger, Steve Gold,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 13)

Vermont state inmate, Harley L. Breer, Jr., commenced this civil rights suit *pro se* under 42 U.S.C. § 1983 against five officials at the Northwest State Correctional Facility ("NSCF"). Plaintiff claims that he was sexually harassed and assaulted by a corrections officer, and that other prison officials permitted this conduct to occur and told Plaintiff to "keep quiet."

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss, in which they contend, among other things, that Plaintiff has failed to plead a plausible constitutional violation. (Doc. 13.) For the following reasons, I recommend Defendants' Motion be GRANTED, and that this case be DISMISSED with leave to amend.

**Factual and Procedural Background**

Plaintiff's Complaint alleges that DOC officer Michelle Medor "sexually assaulted . . . and harassed" Plaintiff "in many and various ways," and that Defendants Steve

Maranville, Michelle Medor, Brian Reed, Charles Cross, and James Honsinger knew about the harassment, allowed it to occur, and told Plaintiff to "keep quiet." (Doc. 5 at 4.) The Complaint further alleges that Defendant and former DOC Commissioner Steve Gold "allowed this conduct to go on." (*Id*.) For relief, Plaintiff seeks "protection from retaliation." (*Id*. at 5.)

Defendants moved to dismiss the Complaint on May 3, 2012 (Doc. 13), and Plaintiff timely opposes the Motion. (Doc. 15.) With his opposition, Plaintiff also filed a Motion to Amend the Complaint. (Doc. 16.) The Court granted Plaintiff's Motion to Amend and by Order dated September 20, 2012, instructed Plaintiff to file an amended complaint on or before December 15, 2012. (Doc. 19.) The Court has further instructed Plaintiff that the amended complaint "must comply with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, and doing so in numbered paragraphs as required by Rule 10." (Doc. 17 at 2.) Nonetheless, Plaintiff's original Complaint remains operative, and Defendant's Motion to Dismiss that Complaint is ripe for adjudication.

## Discussion

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the Plaintiff (1) has not alleged any personal involvement by former Department of Corrections Commissioner Steve Gold; (2) has not properly exhausted all available administrative remedies; and (3) has failed to plead sufficient facts to state a plausible constitutional violation.

I.      **Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court is required to "take all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive dismissal, Plaintiff is not required to plead "detailed factual allegations," but, the Complaint must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plausibility turns on whether "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 557 (citing *Twombly*, 550 U.S. at 557). With these standards in mind, it should be noted that "while all pleadings are to be construed liberally . . . *pro se* civil rights pleadings are to be construed with an extra degree of liberality." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009). However, "the duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to rewrite it for [him]." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1999).

II.     **Personal Involvement**

Defendants first argue that the claims against former Commissioner Gold should be dismissed since Plaintiff neglected to allege facts demonstrating that Gold was personally involved in the alleged sexual harassment and assaults. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (explaining that a defendant must be personally

involved in the denial of a plaintiff's constitutional rights to be liable under §1983); *see also Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (explaining that §1983 liability will not attach to a supervisor based solely on a purported violation by one of his or her subordinates). In his opposition, "Plaintiff agrees to release Commissioner . . . Gold from this suit" because "his office could possibly not have known" about the alleged constitutional violations. (Doc. 15 at 5.) Therefore, consistent with Plaintiff's agreement, all claims against Defendant Gold should be DISMISSED.

### III. Administrative Exhaustion

Defendants next move to dismiss all claims against them arguing that Plaintiff failed to exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

The PLRA compels prison inmates to utilize every available administrative remedy prior to commencing a civil rights suit in federal court that involves prison conditions. *See* 42 U.S.C. § 1997e(a). This exhaustion requirement is "mandatory," *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong[,]" *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted). To properly exhaust a claim, inmates must "compl[y] with the [correctional facility's] critical procedural rules" since "[t]he benefits of exhaustion can be realized only if the prison grievance system is given fair opportunity to consider the grievance." *Macias v. Zenk*, 495 F.3d 37, 41 (2d Cir. 2007) (internal quotations omitted).

Nonetheless, this circuit recognizes that an inmate's failure to exhaust may be excused in certain circumstances, including when "defendants have either waived the defense of failure to exhaust or acted in such [a] way as to estop them from raising the defense." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). More precisely, threats or other inhibiting conduct by prison officials "may estop defendants from asserting the affirmative defense of non-exhaustion." *Hemphill*, 380 F.3d at 688; *see also Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (applying the estoppel exception where the plaintiff alleged that prison officials prevented him from exhausting his administrative remedies by threatening him).

Here, Plaintiff alleges that he did not pursue the grievance procedure available at NSCF because "[he] was confronted [and] told not to complain." (Doc. 5 at 2.) Because this allegation must be both assumed true and construed liberally, *Cusamano*, 604 F. Supp. 2d. at 46, it would be premature to dismiss the Complaint for failure to exhaust. Although Plaintiff has not explained who told him that he could not complain, where the confrontation took place, and when the confrontation occurred, further factual development could potentially support a claim of estoppel. *See Ziemba*, 366 F.3d at 164 (remanding district court's dismissal of plaintiff's claim to allow factual development of plaintiff's potential estoppel defense); *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008) (suggesting that summary judgment provides a proper vehicle for settling exhaustion disputes); *Bennett v. James*, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010) *aff'd*, 441 F. App'x 816 (2d Cir. 2011) (collecting cases and dismissing plaintiff's theory of estoppel

on summary judgment as opposed to a motion to dismiss, to allow further factual development).

## IV. Substantive Claims

Defendants lastly move to dismiss all claims against them arguing that Plaintiff has not pleaded a plausible constitutional rights violation.

"[A] defendant may base a Rule 12(b)(6) motion on either or both of two grounds: (1) a challenge to the sufficiency of the pleading under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim." *Muniz v. Goord*, 9:04-CV-0479, 2007 WL 2027912 (N.D.N.Y. July 11, 2007) (internal citations and quotations omitted); *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004). Rule 8(a)(2) states that a pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The rationale behind this rule is "to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. House of Representatives*, 68 F. App'x. 233, 235 (2d Cir. 2003) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Even on a liberal reading, Plaintiff's Complaint lacks the specificity required to provide notice of its claims, as required by Fed. R. Civ. P. 8(a)(2). Specifically, Plaintiff asserts only that "Michelle Medor sexually assaulted [him] and harassed [him] in many and various ways" and that various prison officials "knew about [the] assault and harassment and told [him] to keep quiet and allowed it to go on." (Doc. 5 at 4.) Such allegations are merely conclusions without any alleged facts to support them. There are no allegations about the specific conduct giving rise to Plaintiff's claims, or where or

6

when such conduct occurred. As submitted, then, the Complaint is so vague that it prevents Defendants from understanding the claims against them and preparing an adequate defense. *See Salahuddin*, 861 F.2d at 42 (explaining that Rule 8 is not satisfied if the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to allege a plausible claim).

Accordingly, Plaintiff's Complaint should be DISMISSED since the allegations contained therein fail to adequately state sufficient facts to give Defendants fair notice of the claims against them.

## V. Leave to Amend

The Second Circuit has cautioned that district courts should not dismiss *pro se* complaints with prejudice without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 15(a)(2) (stating "the court should freely give leave when justice so requires"). Nonetheless, leave to amend may be denied when an amendment would be futile. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In light of these standards, the Court should allow Plaintiff leave to amend his Complaint because, with the addition of enhanced factual support, Plaintiff may be able state a plausible claim against Defendants that would survive the *Twombly-Iqbal* pleading requirements.

7

As the Court has already directed, any amended filing shall be entitled "Amended Complaint" and must contain all claims against all parties as it will supersede the original Complaint in all respects. The filing of this Report and Recommendation necessitates an enlargement of time in which an amended complaint may be filed, *see* Doc. 19. Accordingly, the Court should require that an amended complaint, if any, be filed by January 2, 2013 and that any deficiencies will not be amenable to correction. Failure to comply should result in the dismissal of all claims with prejudice.

## **Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Doc. 13) be GRANTED and the case be DISMISSED without prejudice. I further recommend that, if this Report and Recommendation is adopted by the Court, Plaintiff be allowed until January 2, 2013 to file an amended complaint. Failure to file an amended complaint should result in the entry of an order dismissing the Complaint with prejudice.

Dated at Burlington, in the District of Vermont, this 27th day of November, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).